KIP *v.* VAN CORTLANDT and another. In C. E. 7 Hill 346.

## *Devise ; Codicil.*

EJECTMENT.

The plaintiff in error was the tenant of P. G. Van Wyck, the residuary devisee of General Philip Van Cortlandt, and the defendants in error were two of his four heirs at law, and claimed the moiety of the premises, as a part of the real estate of General Philip, not disposed of by his will. P. G. Van Wyck claimed the whole under the residuary clause in the will. The original will was dated in 1824, when the testator and his brother and three sisters owned the premises as tenants in common in equal proportions. But subsequently, and before making the codicil, in January, 1831, he purchased and took a conveyance from his brother and sisters of their shares, and died seized of the whole in fee. By the original will he devised his interest in this lot to his brother and sisters, in lieu and satisfaction of certain claims they might have or had upon him in respect to his receipts from their common property. By the codicil, he recited this clause of his will, and stated that he had subsequently purchased most of the land; and that as he was chargeable with all the debts due from him to the estate of his father, this clause was useless, and he therefore directed such clause to be revoked and made void to all intents and purposes. (Case stated by Chancellor, p. 348.)

The Chancellor then says:

"The judgment of the court below was based upon the supposition, that the revocation of this clause of the will by the codicil, operated as a republication of the will, so as to give the residuary devisee *four fifths* of the lot which the testator had subsequently purchased; but that the striking of this clause out of the will, by the direction contained in the codicil to that effect, did not give to such residuary devisee the other fifth which the testator owned, when the original will was executed."

He says it is evident that this decision can not be right. The codicil, he holds, operates as a republication of the will,

and makes the will speak as from the date of the codicil, and that where a *specific devise* in the will was thus revoked by it, without making any other disposition of the property, it will in general pass under the residuary clause; and such was the decision of the court.

The Chancellor observes that "there is nothing in the decision of this court in the case of *Van Kleeck* v. *The Dutch Church of New York*, (20 Wend. 457,) upon the effect of republication by a codicil which contradicts the general rule that it makes the will speak as of the date of the codicil."

Judgment unanimously *reversed*, 18 for *reversal*.